[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: TRAVELERS INDEMNITY COMPANY'S MOTION FOR SUMMARY JUDGMENT
The defendant, Travelers Indemnity Company (hereinafter "Travelers"), filed a motion for summary judgment against the plaintiff, Risdon Corporation (hereinafter "Risdon"). The defendant claims that it is entitled to judgment against Risdon CT Page 4142 because of Risdon's violation of the "voluntary payment" clause of their insurance contract. The following facts are not in dispute:
The plaintiff did purchase a general liability policy with the defendant prior to 1973. The plaintiff was the owner of two landfill operations, one site known as Beacon Heights, and the other known as Laurel Park. The Environmental Protection Agency (EPA) notified the plaintiff in March of 1985 of a violation with respect to its Beacon Heights site, and in September of 1987, in connection with its Laurel Park landfill. Although the plaintiff thereafter notified its other carriers of these claims, the plaintiff did not notify this defendant of these claims until June 10, 1992. Between the dates the plaintiff was notified of the EPA claims, and the date of notification to this defendant, the plaintiff retained the services of a law firm of some reputation in the area of environmental law. The firm defended the plaintiff against the claims by EPA and ultimately was able to enter into a settlement with EPA, which to date has resulted in the payment of approximately $362,000.00 in cleanup costs and approximately $483,000.00 in attorney's fees. The settlement agreement with respect to Beacon Heights was dated April 27, 1990, and the agreement regarding Laurel Park was executed on March 8, 1991. It was not until some time in 1992 that the plaintiff determined that this defendant, Travelers Indemnity Company, also provided the plaintiff with general liability insurance, which led to the notice to Travelers on June 10, 1992.
The defendant, Travelers, denied coverage on the basis of late notice, violation of the "voluntary payment" clause of its contract and claimed that the monies paid by the plaintiff for cleanup were not damages, and therefore, not reimbursable. Although all three defenses form the basis of this motion for summary judgment, the defendant has elected to proceed only on the claim that the settlement payment made by the plaintiff, which pre-dated the notice of the claim to this defendant, was a violation of the "voluntary payment" clause of its contract. Therefore, the defendant argues that Risdon has forfeited its rights under the contract.
The issue before the court in deciding this motion for summary judgment is whether there exists a genuine issue of a material fact which would defeat the motion for summary judgment. See Practice Book 384. There is no question that CT Page 4143 the plaintiff entered into a settlement agreement with EPA prior to its notification to this defendant, and that action was a violation of the "voluntary payment" clause of the insurance contract.
Our Supreme Court in Aetna Casualty and Surety v. Murphy,206 Conn. 409 (1988), held that an insured, because of the peculiar nature of an insurance contract, should be given the opportunity to show the lack of prejudice in a situation where it violated the late notice provisions of its insurance contract.
 In our judgment, a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage. If it can be shown that the insurer suffered no material prejudice from the delay, the non occurrence of the condition of timely notice may be excused because it is not, in Restatement terms, "a material part of the agreed exchange." Federal enforcement of notice provisions when there is no prejudice is no more appropriate than literal enforcement of liquidated damage clauses when there are not damages. (Citations omitted)
Id. at 418.
Our Appellate Courts have had no occasion to rule on whether lack of prejudice should be applied to a breach of the "voluntary payment" clause of an insurance contract. Chief Bankruptcy Judge Krechevsky, of the U.S. Bankruptcy Court, District of Connecticut, relying on Murphy, supra, found that an insured was entitled to show lack of prejudice in a situation involving a voluntary payment clause violation. Kaplan v. Liberty Mutual Insurance Company, Case No. 2-85-00197.
The Supreme Court of New Mexico, in Roberts Oil Company, Inc., et al v. Transamerican Insurance Company, et al, 113 N.M. 745,833 P.2d 222 (1992), citing the Murphy decision, held
 [t]hat even when there has been a substantial and a material breach of the insured's obligation and a resulting failure of a condition precedent to the CT Page 4144 insurer's liability, that breach and non-occurrence of condition does not discharge the insurer absent a showing that the insurer has been substantially prejudiced.
Roberts Oil, 113 New Mexico at 753-230.
The defendant argues that lack of prejudice is not appropriate in a situation involving a breach of the "voluntary payment" provision of an insurance policy, since any payment would, in fact, be prejudicial. The defendant cites Augat, Inc. v. Liberty Mut. Ins., 410 Mass. 177, 591 N.E.2d 357 (1991) in support of its argument.
The Augat decision, however, was consistent with an earlier Massachusetts Supreme Court case, Johnson Controls v. Bowes,381 Mass. 278, 409 N.E.2d 185 (1980). Johnson Controls was decided eight years before the Connecticut Supreme Court's similar holding in Murphy. Johnson and Augat both rejected to traditional application of contract law or approach of contract law in the interpretation of insurance contracts. The Massachusetts Supreme Court required insurers to show prejudice in situations involving a breach of an insurance contract provision. Johnson Controls, 381 Mass. at 280-282, Augat, 571 N.E.2d at 361.
The Augat court nonetheless found that "this analysis leads to a different result when applied to the facts of this case. Augat, 571 N.E.2d at 361. The court in Augat made a finding of prejudice a matter of law; this court is unwilling to make a finding of prejudice at this juncture.
The Supreme Court reasoned in Murphy that strict compliance may be excused "in order to avoid a disproportionate forfeiture." Murphy, 206 Conn. at 413 (citing Johnson Controls, supra). This court, accordingly, is reluctant to foreclose the plaintiff's opportunity to demonstrate lack of prejudice in reference to the "voluntary payment" issue. As difficult as this burden appears to be, given the facts of this case, the plaintiff, nonetheless, should be given the opportunity to rebut the presumption of prejudice. It is possible that the fact-finder will decide that the facts as stated in Risdon's affidavits are sufficient to establish lack of prejudice.
There is, therefore, a question of a material fact to be decided in this case. The defendant Travelers motion for CT Page 4145 summary judgment is denied.
/s/ Pellegrino, J. PELLEGRINO